UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                      Case No.  8:08-cr-230-T-24 EAJ

LAMARCUS W. STILLING

_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Suppress Evidence. (Doc. No. 27). The Government opposes the motion. (Doc. No. 29). The Court held an evidentiary hearing on the motion on November 24, 2008. As stated at the hearing, the motion is denied.

Defendant moves to suppress the drugs found in his car after the police initiated a traffic stop. Specifically, Defendant argues that (1) the stop was illegal, (2) the detention was illegal, and (3) the search was illegal. The Court disagrees.

## I.  Background

On the evening of March 31, 2008, Deputy Ortiz was driving north on Highway 579 when he was informed by another police officer that Defendant had left a high drug-trafficking area. Deputy Ortiz was driving behind another car when he saw Defendant approaching Highway 579 from Pruitt Road. Deputy Ortiz saw Defendant make a right turn onto Highway 579 from Pruitt Road in front of Deputy Ortiz and the car that was in front of Deputy Ortiz, causing both Deputy Ortiz and the car in front of him to slam on their brakes. Deputy Ortiz followed Defendant north on Highway 579.

Deputy Lajic also was informed that Defendant had left a high drug-trafficking area, and he was watching for Defendant's truck. Deputy Lajic was parked on Davis Poole Road, just east of Highway 579, when he saw Defendant turn left onto Davis Poole Road, a residential area. Deputy Lajic noticed that Defendant did not have his headlights on. Additionally, Deputy Lajic

used a radar gun to clock Defendant's speed, which began at 43 mph and increased to 49 mph while turning onto Davis Poole Road, which had a speed limit of 25 mph.

Deputy Ortiz followed Defendant onto Davis Poole Road and had his emergency lights flashing.  Defendant pulled over in response to Deputy Ortiz's flashing lights, and Deputy Lajic followed behind them with his flashing lights on also.  At 7:57 p.m., Deputy Ortiz detained Defendant, and the officers wrote Defendant four traffic citations.  Deputy Ortiz called for a canine unit to be dispatched, and ten minutes later, Deputy Raschke and her canine, Turk, arrived at the scene.

Deputy Raschke cleared the area and began a perimeter walk around Defendant's truck, and Turk alerted her to the scent of drugs near the driver's side door.  Thereafter, Turk entered the truck and alerted her to drugs near the top center of the bench seat.  Deputy Raschke pulled the bench seat down and Turk alerted her to drugs near the rear area of the seat towards the driver's side.  Deputy Raschke found marijuana, powder cocaine, and crack cocaine. Thereafter, Defendant was arrested.

## II.  Motion to Suppress

Defendant moves to suppress the drugs found in his truck.  The Court finds that the motion to suppress should be denied, because there was probable cause for the traffic stop, the detention was not significantly long, and there was probable cause for search.

Specifically, the Court finds that Defendant committed two traffic violations identified by Deputy Lajic that gave rise to probable cause for the stop.  The Court notes that at the hearing, it stated that one of Ortiz's traffic citations supported probable cause for the stop.  However, upon further review after the hearing, the Court finds that both citations issued by Deputy Ortiz are not supported by the evidence.

Deputy Ortiz issued Defendant two citations–one for failure to yield to oncoming traffic that had the right of way when he turned onto Highway 579, and one for failing to use his turn signal as he turned onto Highway 579.  As stated at the hearing, there were inconsistencies in

Deputy Ortiz's testimony regarding what he could actually see and regarding the location of the violations listed on the traffic citations.  Specifically, the Court finds that it is questionable as to whether Deputy Ortiz could have seen whether Defendant used his turn signal given the positions of their vehicles, with Deputy Ortiz on Defendant's left while Defendant made a right turn.  Additionally, the evidence at the hearing revealed that Deputy Ortiz's view of Defendant while Defendant was on Pruitt Road was partially blocked at times by a large tree.

More egregious, however, is the citation for failure to yield to oncoming traffic.  In this citation, Deputy Ortiz listed the place of the violation as the intersection of Highway 579 and Davis Poole Road.  He also listed the statute violated at Florida Statute § 316.122, which applies to vehicles turning left.  However, Deputy Ortiz testified at the hearing that the violation actually occurred at the intersection of Highway 579 and Pruitt Road, as Defendant was turning *right*.  As such, the Court finds that credible evidence supporting this citation is clearly lacking.

However, the Court finds that Deputy Lajic had probable cause to stop Defendant based on the two citations that he issued–that Defendant was driving without his headlights on at dusk/night and that Defendant was exceeding the speed limit.  Deputy Lajic's testimony regarding these violations was consistent, credible, and not rebutted by any other evidence.

Furthermore, the fact that Defendant Ortiz actually stopped Defendant, but only Defendant Lajic had probable cause for the stop is not fatal to the discovery of the drugs in Defendant's truck.  Deputy Lajic, who had arrested Defendant in the past and was informed that Defendant had just left a high drug-tracking area, testified at the hearing that he was on lookout for Defendant in hopes that Defendant would commit a traffic violation that would give him probable cause to stop Defendant.  The fact that Deputy Lajic had probable cause to stop Defendant prior to Defendant actually being stopped by Deputy Ortiz is a situation that falls within the inevitable discovery exception to the exclusionary rule.

"The exclusionary rule serves to deter police misconduct by preventing the introduction of evidence obtained through police illegality." U.S. v. Virden, 488 F.3d 1317, 1322 (11th Cir. 2007). There is an exception to the exclusionary rule for inevitable discovery:

> [I]f the prosecution can establish by a preponderance of the evidence that the information would have ultimately been recovered by lawful means, the evidence will be admissible. However, the mere assertion by law enforcement that the information would have been inevitably discovered is not enough. This circuit also requires the prosecution to show that the lawful means which made discovery inevitable were being *actively pursued* prior to the occurrence of the illegal conduct.

Id. (internal citations omitted). Since Deputy Lajic had probable cause to stop Defendant immediately prior to Defendant being stopped by Deputy Ortiz, the fruits of the search of the truck are not excluded simply because Deputy Ortiz did not have probable cause for the stop.

Since the Court has found that Deputy Lajic had probable cause for the stop, the next issue is whether there was probable cause for the search. As stated at the hearing, the Court finds that there was probable cause for the search due to the fact that the officers knew that Defendant had just come from a high drug-trafficking area and Turk had alerted Deputy Raschke that there were drugs in Defendant's truck. There is no reason to find that Turk was unreliable.[1]

Since the Court has found that there was probable cause for the search of Defendant's truck, the only remaining issue is whether the detention of Defendant was unreasonably long. As stated at the hearing, the Court found that the ten minute period between Defendant being stopped and the canine unit arriving was not a significantly long period of time.

---

[1] However, the evidence revealed that Turk was correct 100% of the time when tested and was correct at least 92% of the time when he gave alerts during police searches. However, the Court notes that it is impossible to tell the actual accuracy of Turk's alerts during police searches, because the dog detects odors, not actual drugs. Therefore, the dog could correctly alert that he smelled the odor of drugs, and drugs may not be found because the drugs were removed prior to the time that Turk detected the odor. Thus, the actual accuracy of Turk's detection could be greater than 92%.

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Suppress Evidence (Doc. No. 27) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of November, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record